UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH R. PRESTON,                    Case No. 1:05-cv-173

     Plaintiff,                          Watson, J.
                                        Black, M.J.

vs.

JOHN ALDEN LIFE INSURANCE
COMPANY, *et al.,*

     Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO
REMAND (Doc. 8) BE DENIED**

This matter is before the Court on a motion by plaintiff Kenneth R. Preston

for an order remanding this case to the Lawrence County (Ohio) Court of Common

Pleas.  (Doc. 8).  Defendant John Alden Life Insurance Company ("John Alden"),

by counsel has filed a memorandum, and supporting affidavits, in opposition to the

motion to remand  (docs. 9-11).  The matter is now ripe for review.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that he was entitled, through his former employment, to

receive health insurance benefits pursuant to a group insurance policy issued by

John Alden.  (*See* doc. 1, "Complaint" at ¶¶ 4, 12).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

On or about July 16, 2001, plaintiff was hospitalized and underwent surgery at Our Lady of Belfontaine Hospital in Ashland, Kentucky. (*Id.* at ¶ 5). On August 14, 2001, John Alden issued a letter advising him that his health insurance coverage was terminated effective July 15, 2001. (*Id.* at ¶ 8).

Plaintiff initiated the present action by filing a complaint in the Lawrence County Court of Common Pleas against John Alden; his former employer, Randolph Construction and Development Inc. ("Randolph"); and John Does 1-10 (collectively "defendants"). *Preston v. John Alden Life Insurance Co., et al.,* No. 05PI134 (Lawrence Cty. Ct. Com. Pl. filed Feb. 14, 2005). Seeking monetary and declaratory relief, he asserted claims for, *inter alia,* breach of contract, bad faith, and tortious interference with a contract.

On March 17, 2005, John Alden filed a notice removing the state court action to federal district court. (Doc. 1). John Alden maintained that removal was proper under 28 U.S.C. § 1441 because: (1) plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; (2) this Court has original federal question jurisdiction over ERISA claims; and (3) ERISA preempts plaintiff's state law claims.

On April 22, 2005, plaintiff filed the instant motion for remand. (Doc. 8).

As grounds for the motion he contends that, contrary to John Alden's assertions, his claims do not arise under ERISA. As support for his contention he relies on an alleged assertion by John Alden's former attorney, Laura A.

Hinegardner, Esq., that the underlying insurance policy is not covered by ERISA.

The statement attributed to Ms. Hinegardner was allegedly made during a conference before the Hon. Susan J. Dlott in a related case, *Preston v. John Alden Life Ins. Co.,* Case No. 1:02-cv-943 (S.D. Ohio Feb. 17, 2004) (*Preston I*).

Plaintiff also initiated *Preston I* by filing a complaint against John Alden in the Lawrence County Court of Commons Pleas based on the same policy of insurance at issue in the present case.  *Preston I* was removed to federal court by John Alden and later dismissed, without  prejudice, pursuant to the parties' stipulation.

John Alden disputes whether the alleged statement was in fact made by its former counsel.  John Alden maintains, moreover, that it is not bound by the alleged statement and that an examination of the policy, attached to the complaint, will support a finding that the underlying insurance policy is covered by ERISA.

## II.  ANALYSIS

The removal statute, 28 U.S.C. § 1441, provides in pertinent part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).  The standard to determine whether removal is appropriate is  as follows: "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v.*

*Taylor,* 481 U.S. 58, 63 (1987). The party seeking to remove a case has the burden of proving that federal jurisdiction exists. *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir. 1994).

It is well established that the district courts have original jurisdiction over claims arising under ERISA, see 29 U.S.C. § 1132(a)(1)(B), and that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991), *cert. dismissed,* 505 U.S. 1233 (1992). To establish that a claim arises under ERISA, the plan in question must be an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1) of ERISA. *See Thompson v. American Home Assurance Co.,* 95 F.3d 429, 434 (6th Cir. 1996)

An "employee welfare benefit plan" is defined, in pertinent part, as "any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The Sixth Circuit has established a three-step factual analysis for determining whether a benefit plan satisfies the statutory definition:

First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor to determine whether the program was exempt from ERISA. Second the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing,

-4-

and procedures for receiving benefits."  Finally, the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees.

*Thompson,* 95 F.3d at 434-35 (internal citations omitted).

The Department of Labor regulations provide that certain group insurance programs do not constitute "employee welfare benefit plan" under ERISA.  *See* 29 C.F.R. § 2510.3-1(j).  A plan will be excluded from ERISA if four conditions are met:  (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction.  *Thompson,* 95 F.3d at 435 (citing 29 C.F.R. § 2510.3-1(j)).

Review of the documents in the record establish that the underlying group insurance policy is an "employee welfare benefit plan" covered by ERISA.

First, the plan is not exempt under the safe harbor provisions of  29 C.F.R. § 2510.3-1(j) because the first condition, that the employer makes no contribution, is not met.  Review of the policy indicates that coverage is provided through the employer and that the employer pays the required premiums.  (*See* doc. 11, ex. A at 48).

-5-

Second, a reasonable person could ascertain from a review of the policy the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.

Third, it is apparent from the face of the policy that the employer, Randolph, "established or maintained" the plan with the intent of providing benefits to its employees.

Finally, the alleged statement by John Alden's former counsel, that the plan is not covered by ERISA, is not binding on the Court.

The Sixth Circuit has determined, as a general rule, that oral representations made by counsel in the course of litigation, if clear and unambiguous, constitute binding judicial admissions. *Berlin v. Celotex Corp.,* No. 89-6016, 1990 WL 125360, at *2 (6th Cir. Aug. 29, 1990) (*per curiam*) (citing *United States v. McKeon,* 738 F.2d 26 (2d Cir. 1984)). A statement made in the course of prior litigation, however, is not binding, although it may be considered in a subsequent matter. *McKeon,* 738 F. 2d at 30 (citing *Beyer Co. v. Fleischmann Co.,* 15 F.2d 465, 466 (6th Cir. 1926)).

The statement attributed to Ms. Hinegardner, made during the course of prior litigation, is not clear and unambiguous insofar as it directly contradicts the express language of the policy, which provides that the plan is an employee welfare benefit plan governed by ERISA (*see* doc. 11, ex A. at 48, 50). *See United States v. Blood,* 806 F.2d 1218, 1221 (4th Cir. 1986) (inadvertent statement that a plan was an

insurance policy excluded from ERISA was not a binding admission where it was inconsistent with other evidence that the plan was a covered "employee welfare benefit plan").

The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person. *Thompson,* 95 F.3d at 434 (citations omitted). Based on an examination of the record, a reasonable person could find that the underlying insurance plan is covered by ERISA. Thus, the complaint filed in the Lawrence County Court of Common Pleas was properly removed to federal district court.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to remand (doc. 8) be **DENIED.**

Date:  6/1/05                  s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH R. PRESTON,                    Case No. 1:05-cv-173

     Plaintiff,                         Watson, J.
                                       Black, M.J.

vs.

JOHN ALDEN LIFE INSURANCE
COMPANY, *et al.,*

     Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).