UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH R. PRESTON, | : | Case No. 1:05-cv-173 |
| | : | |
| Plaintiff, | : | Watson, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| JOHN ALDEN LIFE INSURANCE | : | |
| COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION TO REVERSE THE ADMINISTRATIVE DECISION (Doc. 20) BE DENIED; (2) DEFENDANT JOHN ALDEN'S MOTION TO UPHOLD THE ADMINISTRATIVE DECISION (Doc. 21) BE GRANTED; (3) DEFENDANT RANDOLPH CONSTRUCTION DEVELOPMENT INC.'S MOTION TO UPHOLD THE ADMINISTRATIVE DECISION (Doc. 22) BE GRANTED; AND (4) THIS CASE BE CLOSED**

This matter is before the Court on a motion by plaintiff Kenneth R. Preston to reverse the administrative decision denying him health insurance benefits (Doc. 20), and motions by defendants, John Alden Life Insurance Company ("John Alden") and Randolph Construction Development, Inc. ("Randolph") (collectively "defendants"), to uphold the administrative decision (Docs. 21, 22). The motions are fully briefed and ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action by filing a complaint in the Lawrence County, Ohio Court of Common Pleas alleging that defendants wrongfully terminated his health insurance coverage and denied him benefits for surgery and treatment, which John Alden had previously approved. (Doc. 1-2). He asserted claims for monetary and declaratory relief on state law grounds, *inter alia*, of breach of contract, bad faith, and tortious interference with contract. Defendants removed the action as one preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (*See* Doc. 1-1.)

Undisputed facts establish that plaintiff was hired by Randolph in 1999 and that he received health care benefits through Randolph pursuant to a policy issued by John Alden. Plaintiff worked full-time until August 2000 when he was injured in an automobile accident. Incidental to providing treatment for the injuries suffered in the accident, doctors discovered a left carotid artery blockage that required surgery. Plaintiff requested and received pre-surgery approval from John Alden.

Because plaintiff was unable to return to full-time work following his accident, he was given a medical leave of absence from Randolph, which continued to pay his health insurance premiums. In early August 2001, Randolph determined that plaintiff would never return to work and decided to cease paying the insurance premiums. (*See* Doc. 20-2, Affidavit of David Randolph at ¶¶ 10-11.)

In August 2001, allegedly at Randolph's request, John Alden terminated plaintiff's insurance coverage retroactively to July 15, 2001.

On July 16, 2001, plaintiff underwent the previously approved surgery for the carotid artery blockage. On August 20, 2001, plaintiff suffered a stroke for which he was again hospitalized. On August 24, 2001, plaintiff was notified of the retroactive termination of health insurance coverage. His requests for benefits to cover the costs incurred for the surgery and for treatment for the stroke were administratively denied.

On November 13, 2002, plaintiff filed a complaint against John Alden in state court that was removed by John Alden to federal court on December 16, 2002. *See Kenneth R. Preston v. John Alden Life Ins. Co.*, No. 1:02-cv-943 (S.D. Ohio *dismissed* February 17, 2004). The case was voluntarily dismissed without prejudice by the joint stipulation of the parties. *Id.*

On February 14, 2005, plaintiff filed a second complaint in state court, naming both John Alden and Randolph as defendants. That complaint, removed by defendants to federal court, is the matter now pending before the Court.

Seeking coverage for the July 2001 surgery and hospitalization, plaintiff filed a motion to reverse the administrative decision. (Doc. 20.) He argues first that he is entitled to coverage under Section V of the insurance policy, Extension of Benefits, Continuation and Conversion Rights, which provides under certain circumstances for continued coverage for a twelve-month period after insurance stops. (*See* Doc. 20-1 at

5.) Alternatively, he claims that he is entitled to coverage under Section IX of the policy, the Termination Provision, which allows for continued coverage for a work related disability for a period of twelve months following termination if the business continues operation and the employer pays the premium. (*See id.* at 6.) Plaintiff maintains that these requirements have been met.

John Alden and Randolph oppose the motion to reverse and have separately filed motions to uphold the denial of coverage because, based on the information then before the decision maker, it was not arbitrary and capricious. They argue that: (1) plaintiff's claims are barred by the statute of limitations; (2) his claims are barred because he did not exhaust administrative remedies; and (3) his claims fail because he did not establish that the medical expenses he incurred were the result of an illness or injury causing total disability.

The first of these arguments is dispositive. The motions to uphold the denial of coverage should be granted because plaintiff's claims b the applicable limitations periods.

## II. ANALYSIS

The first of defendants' arguments is dispositive. The motions to uphold the denial of coverage should be granted because plaintiff's claims are barred by the applicable limitations periods.

Because there is no federally mandated statute of limitations for claims brought

under ERISA, "courts should apply the most analogous state law statute of limitations." *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992).

    *A.    Plaintiff's Claim Against John Alden*

Plaintiff's claim against John Alden is a claim for benefits under § 502 of ERISA, 29 U.S.C. § 1132.[2] The Sixth Circuit has determined that the most analogous state statute of limitations for claims under § 1132 is that for breach of contract. *See Meade*, 966 F.2d at 194-95 n.4 (6th Cir. 1992). Although the Ohio breach of contract statute of limitations is fifteen years, *see* Ohio Rev. Code Ann. § 2305.06, the Sixth Circuit has recognized that in the ERISA context, as with other types of contractual arrangements, the parties may agree upon a shorter limitations period, so long as the period is not unreasonably short. *See Clark v. NBD Bank, N.A.*, 3 Fed. Appx. 500, 503-04 (6th Cir. 2001) (*per curiam*). The insurance policy at issue in the present case provides for a three-year limitations period. (*See* Doc. 1-8 at 17.)

John Alden maintains, and plaintiff does not dispute, that the three-year period provided by the policy required plaintiff to bring his claim based on the denial of

---

    [2]    Section 1132 provides in pertinent part as follows:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

coverage for the surgery no later than October 14, 2004 and to bring his claim for the hospitalization for the stroke no later than November 18, 2004. (*See* Doc. 21 at 7-8.) John Alden asserts, therefore, that the complaint, filed February 14, 2005 was untimely.

In response, plaintiff argues that he is entitled to a longer filing period under the Ohio savings statue, Ohio Rev. Code Ann. § 2305.19. His argument is unavailing.

The Sixth Circuit has noted that where the district court finds it appropriate to use a state's statute of limitations, the Court will also use the state's procedural rules affecting that statute of limitations, including its savings statute if any. *See Coleman v. Department of Rehab. & Corr.*, 46 Fed. Appx. 765, 769 (6th Cir. 2002) (*per curiam*) (citing *West v. Conrail*, 481 U.S. 35, 39-40 n.6 (1987)).

The Ohio savings statute provides in pertinent part as follows:

> In any action that is commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after ... the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code Ann. § 2305.19.

Plaintiff timely filed his initial complaint on November 13, 2002. *See Kenneth R. Preston v. John Alden Life Ins. Co.*, No. 1:02-cv-943. Because the case was voluntarily dismissed without prejudice, plaintiff argues that the savings statute applies. However, on the date of dismissal, February 17, 2004, the contractual limitations periods – October 14, 2004 and November 18, 2004, *see supra* – had not yet expired. Ohio law is clear that

the savings statute does not apply to a dismissal without prejudice before the applicable limitations period has run. *See Lewis v. Connor*, 21 Ohio St. 3d 1, 4, 487 N.E.2d 285, 287 (1983).

To invoke the protection of the savings statute after a voluntary dismissal, the party must have originally filed the claim within the applicable statute of limitations, dismissed the original claim after the expiration of the statute of limitations, and refiled the claim within one year after dismissal. *See Reese v. Ohio State Univ. Hosps.*, 6 Ohio St. 3d 162, 163, 451 N.E.2d 1196, 1198 (1983). The statute does not apply unless a timely-commenced action is voluntarily dismissed after the statute of limitations expired. *See Lewis*, 21 Ohio St. 3d at 4. "A plaintiff whose claim fails otherwise than upon the merits when there is still time to file suit within the statute of limitations needs no savings statute because the plaintiff can re-file his lawsuit within the statutory period." *Boozer v. University of Cincinnati School of Law*, No. 05AP-1099, 2006 WL 1431402, at *4 (Ohio App. 10 Dist. May 25, 2006) (citation omitted).

Under the circumstances presented here, plaintiff may not benefit from the Ohio savings statute. His claim against John Alden should be dismissed as untimely.

    B.    *Plaintiff's Claim Against Randolph*

Plaintiff's claim against Randolph is also untimely.

Because plaintiff is alleging that his former employer wrongfully terminated his coverage by refusing to continue to pay premiums on his behalf, his claim is appropriately

viewed as one brought pursuant to § 510 of ERISA, 29 U.S.C. § 1140, for interference with rights protected under ERISA.³ *See Leemis v. Medical Servs. Research Group, Inc.*, 75 Fed. Appx. 986, 987 (6th Cir. 2003) (*per curiam*).

Because 29 U.S.C. § 1140, like § 1132, does not contain a statute of limitations, the most analogous state statute of limitations is applied, which is the statute of limitations for state employment discrimination or wrongful termination claims. *See Leemis*, 75 Fed. Appx. at 987; *see also Taylor v. Goodyear Tire & Rubber Co.*, No. 93-4059, 1994 WL 573913, at *1 (6th Cir. Oct. 17, 1994), *cert. denied*, 516 U.S. 975 (1995); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992). Discrimination claims based on Ohio law are subject to a 180-day statute of limitations. *Oker v. Ameritech Corp.*, 89 Ohio St. 3d 223, 729 N.E.2d 1177, 1178-79 (2000).

Plaintiff received notice of Randolph's decision to terminate his insurance coverage on August 24, 2001. The 180-day period expired on February 20, 2002.

Plaintiff's claim against Randolph was not filed until February 14, 2005, well beyond the limitations period, and should be dismissed as untimely.

---

³ Section 510 provides in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140.

In the alternative, if the Court were to find that plaintiff brings his claim against Randolph pursuant to § 1132,[4] his claim is also barred. He did not file his complaint against Randolph until after the three-year contractual limitation period had expired.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Kenneth R. Preston's motion to reverse the administrative decision denying him health insurance benefits (Doc. 20) be **DENIED**;

2. The motions by defendants, John Alden Life Insurance Company and Randolph Construction Development, Inc., to uphold the administrative decision (Docs. 21, 22) be **GRANTED**; and

3. This case be **CLOSED**.


Date:  6/26/06                                         s/Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

---

[4] Section 1132 also provides as follows:

A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH R. PRESTON, | : | Case No. 1:05-cv-173 |
| | : | |
| Plaintiff, | : | Watson, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| JOHN ALDEN LIFE INSURANCE | : | |
| COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).